**MORNINGSTAR, NICOL, Inc., v. NORTON.**

Civil Action No. 2926.

District Court, D. New Jersey.

Sept. 9, 1945.

Sidney S. Jaffe, of Newark, N. J., for plaintiff.

Lum, Fairlie & Wachenfeld, of Newark, N. J. (Charles B. Barrett, Jr., of Newark, N. J., of counsel), for defendant.

FAKE, District Judge.

This case is before the court on an agreed state of facts and raises issues as to the application of certain freight rates between Waybill Station, Long Dock, Jersey City, New Jersey, and North Hawthorne, New Jersey, over the lines of the New York, Susquehanna & Western Railroad Company. Plaintiff contends that a proper construction of the tariff, Trunk Line 72–

A, I. C. C. A–445, between these points, indicates a rate of 13¢ per hundred pounds. Defendant contends that the proper rate is 14¢ per hundred as specifically stated in the aforesaid tariff.

■ Cases of this type seldom come before the courts in the first instance, since resort is usually had to the Interstate Commerce Commission. However, this court has jurisdiction on the election of the plaintiff under the provisions of Section 9, 49 U.S.C.A.

It appears that the tariff above mentioned was effective in the period covered by the main issue now to be considered, and that it specifically provided, as the stipulation says: "In the same tariff and from the same point of origin but for movement over the Erie Railroad there is a rate of 13¢ per 100 pounds published to Hawthorne, New Jersey." It also provides "for a rate of 14¢ per 100 pounds" on shipments moving between the aforesaid Waybill station and North Hawthorne "on shipping instructions calling for transportation over the lines of the New York, Susquehanna & Western Railroad."

Plaintiff urges that the so-called "alternative application" clause of the tariff renders the higher rate of 14¢ inapplicable to Susquehanna for the reason that a lower rate is spelled out from a combination of the rates involved over the Erie, and this results in a 13¢ rate. The clause reads as follows: "If the aggregate of separately established (joint, local and/or proportional) rates contained in tariffs lawfully on file with the Interstate Commerce Commission * * * via any route via which the rates named in this tariff apply, provides a lower charge on any shipment than the charge under the rates contained in this tariff * * * such lower charge will be the legal charge to apply via all routes authorized in this tariff, and the through rate published in this tariff has no application as to that shipment."

■ It appears in this connection that when shipping between these points on the Erie, that road is obliged to absorb a switching charge of $6.93 per car, while no such burden falls on Susquehanna when shipment is made over the Susquehanna. It is urged that this is a rate and when dealt with as such furnished two rates, the switching charge being deducted and then added because it must be absorbed with this contention I cannot agree. After a rate is once established, the trials and tribulations of the carrier as to what it must absorb are of no concern to the court in the absence of an attack on the validity of the rate. No such attack is made here. The only question here is as to which of two rates shall be applied.

■ The switching charge above-mentioned is not a rate as between a shipper and the railroad. It may be a factor involved in the fixing of the rate, but it is a mere item which the railroad must absorb when the rate is established.

"Aggregate of separately established rates" connotes rates to be added. Here the switching charge not being a rate no aggregate can be spelled out and the provision above quoted has no application.

On notice an order will be entered in conformity herewith.